NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 1, 2012
Decided February 1, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-1008

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09–CR–61 |
| DUWONE ELLIS, *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Duwone Ellis pleaded guilty to one count of possessing and attempting to possess with intent to distribute crack cocaine, 21 U.S.C. §§ 841(a)(1), 846, after law enforcement overheard him completing a sale in a telephone conversation recorded by wiretap. The district court sentenced Ellis to 50 months' imprisonment, within the guidelines range of 46 to 57 months. (Ellis was not subject to a mandatory minimum sentence because the court found that he qualified for the "safety valve" exception. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a); *United States v. Corson*, 579 F.3d 804, 813 (7th Cir. 2009).) Ellis filed a notice of

appeal, but his appointed counsel has moved to withdraw because he cannot identify a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Ellis did not respond to counsel's motion after we offered him a chance to do so. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Because Ellis has told his counsel that he does not want to challenge his guilty plea, counsel properly omits evaluating the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel first considers whether Ellis could challenge the district court's calculation of his guidelines range on the ground that the court held him responsible for too much crack. In the plea agreement the parties agreed that, for the count of conviction, Ellis possessed between 50 and 150 grams of crack, which yielded a base offense level of 30 under the guidelines in effect at the time of the plea. *See* U.S.S.G. § 2D1.1(c)(5)(2009). By the time of Ellis' sentencing in December 2010, however, the guidelines had been amended under the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, resulting in a base offense level of 28 for possession of 112 to 196 grams of crack and an offense level of 26 for possession of 28 to 112 grams of crack, *see* U.S.S.G. supp. to app. C, amend. 748 (Supp. 2010) (amending U.S.S.G. § 2D1.1(c)) (effective Nov. 1, 2010). Ellis argued that the court should select the lower range because it more closely aligned with the lower bound of the drug-quantity range in his plea agreement. But the court chose the higher range of 112 to 196 grams after considering evidence of relevant conduct in the presentence report, which the parties agreed the court could do. The report declared that Ellis had purchased up to 168 grams of crack. This information, the court reasoned, justified using the higher range, which captured the 150-gram upper limit in the plea agreement.

We agree with counsel that a challenge to the district court's calculation of Ellis' base offense level would be frivolous because Ellis presented no evidence to oppose the contents of the presentence report substantiating the upper bound of 150 grams. *See United States v. Rollins*, 544 F.3d 820, 838 (7th Cir. 2008); *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007). Additionally, any challenge would be frivolous even without the court's reliance on the presentence report because Ellis pleaded guilty to possessing up to 150 grams of crack. The plea concession itself provides an independent basis for the court's selected range of 112 to 196 grams.

Counsel also considers whether Ellis could challenge the reasonableness of his sentence, but rightly concludes that any challenge would be frivolous. Ellis' within-range sentence is presumed reasonable, *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir.2011), and counsel has not identified any basis to set

aside that presumption. The court also appropriately applied the factors under 18 U.S.C. § 3553(a), discussing in detail Ellis' juvenile record, his lack of employment history, and his past association with street gangs.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.